John R. Thomas and Dorothy Thomas (His Wife) v. Commissioner.
Thomas v. Commissioner
Docket No. 21780.
United States Tax Court
1953 Tax Ct. Memo LEXIS 369; 12 T.C.M. (CCH) 181; T.C.M. (RIA) 53053; February 16, 1953
*369 Petitioner's claim for traveling expenses incurred as a football player allowed in part. Robert Dow Hamilton, Esq., 50 W. Broad St., Columbus, Ohio, for the petitioners. Lyman G. Friedman, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined a deficiency of $249.84 in petitioners' income tax for the year 1946, consequent on his disallowance of certain expenses claimed by petitioners to have been incurred in connection with petitioner John R. Thomas' business as a professional football player. Petitioners' return for the taxable year listed in Schedules F and G the following items of alleged expense: Depreciation on automobile (one-
half of total expense)
$ 150.00
Car repairs
100.00
Tires
50.00
Gasoline
140.00
Oil
18.75
Food
360.00
Hotel and lodging
350.00
Equipment
56.90
Total
$1,225.65 Respondent disallowed $1,168.75 of the above total. Petitioners, in paragraph IV, sub-paragraph 1, of their petition, alleged error in "increasing income in the amount of $249.84 on account of 'auto and living expenses disallowed.'" (This figure is obviously an error by the attorney who drafted *370 the petition.) The erroneous figure was repeated in sub-paragraph 5 of paragraph V of the petition and in paragraph 1 of the prayer of the petition. Respondent, in his answer, denied all material allegations of the petition and alleged that the Commissioner had disallowed auto and living expenses in the amount of $1,168.75, rather than the figure of $249.84, alleged in the petition. [Opinion] Under the law, the petitioners had the burden of proof of error. This included affirmative proof that the alleged expenses were both ordinary and necessary. See section 23 (a) (1) (A), I.R.C.
Petitioners' attorney erroneously contends that the case presents only a question of law. On the contrary, the law is clear and presents no problem. The allowance of the expenses depends almost entirely on the facts. Commissioner v. Flowers, 326 U.S. 465. The petitioners' attorney complains that respondent's attorney failed to cross-examine petitioners' lone witness. How this fact can be of service to petitioners, we cannot comprehend. Apparently fearing that he had failed to prove his case, counsel for petitioners says on brief "Similarly in the present hearing *371 the Government conducted no cross-examination whatever on these items. Had a request been made or cross-examination been conducted the Petitioners were fully prepared to further substantiate the expenses claimed. In fact, the undersigned counsel for the Petitioners prepared the Return in question, and will professionally state to the Court that the Return was prepared from supporting data." The above quotation evidences a complete ignorance of practice before this Court. The burden of proof rested on petitioners and there was no obligation resting on the Government either to cross-examine or otherwise furnish petitioners with proof of their case. Petitioner testified that he spent the amount of money claimed in his return but gave us little information as to details of the items claimed, such as the number of trips from Columbus to Detroit, the distance traveled, the amount of gasoline and oil used, the nature of the repairs, etc. Nor did he tell us what is comprehended under the item "Equipment". He estimated that he spent from 80 to 90 days in Detroit during the taxable year and was employed by a manufacturing concern in Columbus, where he had his home, for the remainder of the *372 year. On such a showing we cannot find for petitioner in the full amount of his claim. We are satisfied, however, that he spent a considerable sum in connection with his business as a professional football player, playing for the Detroit Lions. In the absence of adequate proof of the total amount, we nevertheless find that he should be allowed the aggregate amount of $800 as a deduction from income for the year 1946. Cohan v. Commissioner, 39 Fed. (2d) 540. Decision will be entered under Rule 50.